**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2632
_____

SUZANNE B. SMITH,
                    Appellant

v.

COMMONWEALTH OF PENNSYLVANIA;
MONTGOMERY COUNTY EMERGENCY SERVICES,
a Non-Profit State Actor for Montgomery County, PA;
CITY OF CHELTENHAM TOWNSHIP, PA; TINA PERGINE;
KAREN BROADNAX, as yet Unnamed Co-Conspirators
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-05473)
District Judge:  Honorable Karen S. Marston
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 13, 2023
Before:  JORDAN, GREENAWAY, Jr., and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: May 10, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Suzanne B. Smith appeals pro se from an order of the United States District Court for the Eastern District of Pennsylvania granting the defendants' motions to dismiss her complaint, which raised claims stemming from Smith's involuntary examination under Pennsylvania's Mental Health Procedures Act (MHPA). We will affirm.

Because the parties are familiar with the background of this case, we will revisit the facts only as they are relevant to our analysis. Smith, who lived in an apartment complex, was involved in a years-long dispute with her downstairs neighbor, Karen Broadnax and Broadnax's family. After Smith had made numerous noise complaints about the Broadnaxes, Karen Broadnax filed an application under the MPHA for an emergency examination of Smith. See 50 P.S. § 7302.[1] In that application, Broadnax alleged that:

> Smith has been calling the police and stating we are sending electrical beams through the ceiling to harm her. Has been recording conversations in my home through a hole in the floor. Has been standing outside my door listening to us. Is telling police that we have a private detective watching her. Was filming me this morning, 6/26/21 as I left for work. Keeps trying to turn my doorknob. She does these things after I leave out of my home when my daughter is home alone with her kids. I work at Friends Hospital and she is having paranoid delusions and I feel that she may act on it.

(ECF 68-2, at 3-4 of 29.) A county delegate, Tina Pergine, signed a warrant authorizing an examination of Smith. At 9:00 p.m., three Cheltenham Township police officers and personnel from Montgomery County Emergency Services (MCES) entered Smith's

---

[1] Such applications, and the resulting warrants, are often referred to by section of the Act from which they are derived, "302."

2

apartment, stated that they had a warrant for her to be detained for a mental health evaluation, and escorted her to an ambulance. Smith was transported to the MCES facility, where she met with a doctor who asked her questions and read to her Broadnax's § 7302 application statement. Smith denied the allegations and provided a character reference. After MCES staff spoke to that reference, Smith was released. She returned home at 2:30 a.m.

Smith filed a complaint against the Commonwealth of Pennsylvania, Cheltenham Township, MCES, Pergine, and Broadnax. (ECF 1.) She raised claims under 42 U.S.C. § 1983, as well as state and common law. The defendants filed motions to dismiss. (ECF 55; 67; 70.) Smith opposed those motions. (ECF 76; 77; 78; 80.) She also moved to amend her complaint to include a defamation claim and to add Montgomery County as a defendant. (ECF 79.) The District Court granted the defendants' motions to dismiss, holding that the Commonwealth was immune from suit; that the Township could not be liable because its officers were merely enforcing state law and were not required to perform an independent investigation before serving the warrant; that MCES is not a state actor for purposes of § 1983, did not falsely imprison Smith, and did not violate her common law right to refuse medical treatment; and that Pergine was immune under the MHPA. Smith v. Pennsylvania, 2022 WL 3139854 (E.D. Pa. Aug. 4, 2022). The District Court also denied Smith's request to amend her complaint. Id. at *15. Smith timely appealed. (ECF 90.)

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise

3

de novo review over the order granting the defendants' motions to dismiss. Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 218 (3d Cir. 2015). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. We review for abuse of discretion the denial of a motion that seeks leave to file an amended complaint. See Winer Fam. Tr. v. Queen, 503 F.3d 319, 325 (3d Cir. 2007).

In her brief, Smith states that the District Court "did an excellent job writing the dismissal explanation[,]" but claims that "[s]ome things were missed or inconsistent in the explanation." Appellant's Br. 3. In particular, Smith challenges the District Court's conclusion that Pergine, the county delegate who authorized the warrant, was immune under the MHPA. Appellant's Br. 6-7. The MHPA provides that "[i]n the absence of willful misconduct or gross negligence, a county administrator, a director of a facility, a physician, a peace officer or any other authorized person who participates in a decision that a person be examined or treated under this act … shall not be civilly or criminally liable for such decision or for any of its consequences." 50 P.S. § 7114(a). "Pennsylvania law defines gross negligence in the context of the MHPA as 'facts indicating more egregiously deviant conduct than ordinary carelessness, inadvertence, laxity or indifference…. The behavior of the defendant must be flagrant, grossly

4

deviating from the ordinary standard of care.'" Doby v. DeCrescenzo, 171 F.3d 858, 875 (3d Cir. 1999) (quoting Albright v. Abington Mem'l Hosp., 696 A.2d 1159, 1164 (Pa. 1997)). Smith suggested that Pergine was grossly negligent because she failed to investigate the claims in the warrant application. But Pergrine was permitted to issue the warrant based on the allegations in the application, without verifying their validity. Id. at 872 (stating that "[b]ecause the section 7302 procedures exist to respond to emergency cases, it is reasonable for the county delegate … to issue such warrants without independent investigation"). And although Smith asserts that "[g]iving [Pennsylvania] mental health workers blanket immunity … is definitely a bad idea," Appellant's Br. 6, "our task is to apply the Constitution and the precedents of the Supreme Court, regardless of whether the result is one we agree with as a matter of first principles or policy." Heller v. District of Columbia, 670 F.3d 1244, 1296 (D.C. Cir. 2011) (Kavanaugh, J., dissenting).

In addition, Smith alleges that the District Court improperly denied her claim that the MCES violated her common law right to refuse medical treatment. Appellant's Br. 9. Pennsylvania courts have recognized that individuals generally have a right to refuse medical treatment. See, e.g., In re Duran, 769 A.2d 497, 503 (Pa. Super. Ct. 2001). But that right may be outweighed by commonly recognized state interests, including protection of third parties. In re Fiori, 673 A.2d 905, 910 (Pa. 1996). Although the protection of third parties primarily focuses on the patient's dependents, id., the state clearly also has an interest in shielding others who may be threatened or harmed by the

5

patient's conduct. See Duran, 769 A.2d at 504 (stating that "the state has a substantial interest in protecting its citizens from each other"); Fosmire v. Nicoleau, 551 N.E.2d 77, 81 (N.Y. 1990) ("When the individual's conduct threatens injury to others, the State's interest is manifest and the State can generally be expected to intervene."). Here, Pergine issued a warrant after necessarily determining that Karen Broadnax, a "responsible party," set "forth facts constituting reasonable grounds to believe" that Smith was "severely mentally disabled and in need of immediate treatment." 50 P.S. 7302(a)(1). Those grounds, as described in Broadnax's warrant application, included Smith calling the police and stating that Broadnax and her family were sending electrical beams through the ceiling to harm Smith, recording and filming the Broadnax family, listening to the Broadnax family by standing outside their apartment, recording the family through a hole in the floor, repeatedly trying to enter the Broadnax apartment, and telling the police that the Broadnax family hired a private detective to watch her. Broadnax feared that Smith would act on her "paranoid delusions." Under these circumstances, we conclude that the Commonwealth's interest in protecting Broadnax and her family outweighed any right that Smith had to refuse the mental health evaluation.[2]

Finally, Smith argues that she should have been permitted to amend her complaint. Appellant's Br. 5-6. We conclude, however, that it would have been futile for Smith to

---

[2] We note that the MCES honored Smith's refusal to authorize access to her medical records and her rejection of an offer of voluntary mental health treatment. (ECF 1, at 18-19.)

amend her complaint in the manner specified in her brief.[3] For instance, Smith alleges that she should have been permitted to change the complaint to specify that MCES, the Township, and Pergine were "acting under color of state law." Contrary to Smith's belief, however, that simple change would not have affected "whether certain charges may be dismissed …." Appellant's Br. 5. Smith also emphasizes that her amended complaint addressed an issue concerning whether she made proper service on the Commonwealth. Id. But, as the District Court properly explained, it did not need to analyze the propriety of service because it concluded that the Commonwealth was immune from suit. Smith v. Pennsylvania, 2022 WL 3139854, at *6 n.8. Furthermore, Smith's attempt to withdraw her claim for damages against the Commonwealth was unnecessary because, regardless of the relief sought, a civil suit may not be brought in federal court against a state unless the state waives its immunity from suit, which it did not do here. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

---

[3] Smith does not challenge the District Court's denial of her request to amend the complaint to add Montgomery County as a defendant and to bring a defamation claim against MCES, Pergine, and Broadnax. See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (noting that arguments not raised in an opening brief on appeal are forfeited). We also deem forfeited Smith's broad challenge to the constitutionality of the MHPA, for which she provides only a conclusory statement and no citation to relevant authority. Id. Smith does argue that § 7302 is unconstitutionally vague because it allows a person to be taken to a mental health facility for further evaluation based on "ad-hoc allegations of violations of codes of conduct that are unwritten and not codified …." Appellant's Br. 7. We conclude, however, that Smith's complaint, even liberally construed, did not meaningfully develop a vagueness challenge to the MPHA, and we will not examine her vagueness challenge for the first time on appeal. See Brown v. Phillip Morris Inc., 250 F.3d 789, 799 (3d Cir. 2001).

Accordingly, because the proposed changes to the complaint that Smith identified in her brief would not have affected the denial of her claims, leave to amend was not warranted.

For the foregoing reasons, we will affirm the judgment of the District Court.